UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAKOTA HOLLAND,                          )
                                         )
                 Petitioner,             )
                                         )
        v.                               )        No. 1:20-cv-01204-JPH-MJD
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                 Respondent.             )

**ORDER**

Dakota Holland seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255 arguing ineffective assistance of counsel. The Court appointed counsel to represent Mr. Holland and directed counsel to file an amended § 2255 motion. Dkt. 13. Counsel has done so, raising one claim: that Mr. Holland's trial counsel provided ineffective assistance when he did not request a competency hearing before Mr. Holland pleaded guilty. Dkt. 20 at 1.

The Sixth Amendment guarantees a criminal defendant the right to be represented by effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A defendant claiming that his defense counsel was inadequate must show both that counsel's performance was deficient, and that but for the deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 687–88. "Defense counsel performs deficiently when []he fails to investigate possible defenses or make reasonable decisions that particular investigations are unnecessary." *Anderson v. United States*, 865 F.3d 914, 921 (7th Cir. 2017) (internal quotations and citations omitted). "When the defendant argues that counsel should have pursued a fitness hearing, the question is whether there is a reasonable probability that the defendant would have been found unfit had a hearing been held." *Id.* (internal quotations omitted).

1

A district court should hold such an evidentiary hearing whenever the federal prisoner alleges facts that, if proven, would entitle him to relief under § 2255. *Id.* at 919 (citing *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016)); *see also* 28 U.S.C. § 2255. The petitioner's burden for receiving a hearing is "relatively light." *Torres-Chavez*, 828 F.3d at 586. The district court should deny an evidentiary hearing only when the motion and records "conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b).

Review of the parties' briefing of this issue reveals that the Petitioner did not specifically request an evidentiary hearing. Instead, Petitioner requests that "Respondent be required to appear and answer the allegations of this Motion." Dkt. 20 at p. 5. Meanwhile, the United States argues that an evidentiary hearing is unnecessary because it "would not rebut the real-time indications that Holland understood his charges, consulted with his attorney, and understood the terms of his plea agreement." Dkt. 23 at p. 13. The Seventh Circuit, however, has explained that in resolving a claim of ineffective assistance of counsel based on the failure to pursue a fitness hearing, "evidentiary hearings often are needed because ineffective assistance claims generally turn on facts outside the trial record. For instance, the record rarely will reveal whether counsel's actions were or were not considered, tactical choices." *Anderson*, 865 F.3d at 921 (remanding case for evidentiary hearing).

Accordingly, Petitioner shall have **through February 1, 2023,** in which to formally request an evidentiary hearing and to set forth the evidence that will be presented at that hearing. For example, notably absent in the record is any testimony from Petitioner's trial attorney, Mr. Donahoe. *See* dkt. 23 at n.2 (explaining that attorney Donahoe declined the United States' invitation to provide an affidavit concerning Mr. Holland's allegations). Any request for an evidentiary hearing should also identify the factual disputes the Court will be asked to resolve. If

no request for an evidentiary hearing is made, the only evidence that will be considered in resolving the pending § 2255 motion will be the underlying criminal case record and the medical records presented by Petitioner. *See* dkt. 20-1. The United States has **through February 8, 2023,** to respond in opposition to any motion for an evidentiary hearing.

**SO ORDERED.**

Date: 1/17/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com