UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAKOTA HOLLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01204-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DIRECTING FURTHER PROCEEDINGS**

Petitioner Dakota Holland has filed a motion for a mental health evaluation. Dkt. 41. In that motion, counsel for Mr. Holland states that Mr. Holland has been suicidal and that, while he has been on mental health medication in the past, he is not currently on medication. *Id.* He concludes that a mental health evaluation is necessary to ensure that he is competent to fully participate in the upcoming evidentiary hearing on his motion for relief pursuant to 28 U.S.C. § 2255.

A defendant is competent to assist in his defense when he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *United States v. Woodard*, 744 F.3d 488, 493 (7th Cir. 2014). Thus, under 18 U.S.C. § 4241(a), a defendant who is facing criminal charges may seek a hearing to determine his competency to stand trial. But, while the Court may have the equitable authority to allow an evaluation, the statute does not provide an absolute right to competency in collateral

1

proceedings. *See Ryan v. Gonzalez,* 568 U.S. 57, 71 (2013) ("By its own terms § 4241 does not apply unless a federal criminal defendant is on trial or is released on probation.").

While the motion for a mental health evaluation states that Mr. Holland has been suicidal and is not currently on mental health medication, it provides no detail regarding Mr. Holland's current ability to understand the present proceedings. Mr. Holland has not identified the legal basis for his request or provided sufficient discussion or evidence to raise an inference that he is incapable of understanding the § 2255 proceeding or that an evaluation is necessary on this basis. Accordingly, Mr. Holland shall have **through July 5, 2023**, to **supplement** his motion for a mental health evaluation by presenting additional evidence regarding his current competency and by identifying the legal basis on which the Court should order the requested evaluation in this case. The United States will have **through July 7, 2023**, to respond.

In addition, the parties shall have **through July 5, 2023**, to file their final witness and exhibit lists as directed in the Order of June 5, 2023.

**SO ORDERED.**

Date: 6/29/2023

                                              */s/ James Patrick Hanlon*
                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Terry Wayne Tolliver
Brattain Minnix Tolliver
Terry@BMGIndy.com